HEISER ET AL. *v.* BLUE CROSS OF NORTHEAST OHIO

[Cite as Heiser v. Blue Cross (1979), 61 Ohio Misc. 25.]

(No. 78-990,038—Decided August 17, 1978.)

Court of Common Pleas of Cuyahoga County.

*Messrs. Ulmer, Berne, Laronge, Glickman & Curtis* and Mr. *Ronald H. Isroff,* for plaintiffs.
Ms. *Carol Lamm,* for defendant.

JAFFE, J. Based upon the pleadings, the stipulations and the briefs, the court makes the following findings of fact and conclusions of law:

## FINDINGS OF FACT

On or about November 14, 1974, Ulmer, Berne, Laronge, Glickman & Curtis ("Ulmer, Berne") entered into a group contract for certain health care benefits ("contracts") with defendant pursuant to which defendant was to provide medical benefits to enrolled eligible employees of Ulmer, Berne and to their enrolled eligible family members.

From March 2, 1977 to May 9, 1977, and at all other times pertinent to this action, plaintiff Donald E. Heiser was an enrolled eligible employee of Ulmer, Berne and was covered by the contract, and plaintiff Eleta A. Heiser was an enrolled eligible family member and was covered by the contract.

The contract included "Rider Amendment SHB 1 Supplemental Hospital Benefits"-Form No. M 567—which provided:

"A. COVERED EXPENSES

" 'Covered Expenses' means the cost incurred by a Subscriber for such necessary services***rendered***as are set forth in Section 3***."

"SECTION 3 - COVERED SERVICES

"Subject to the provisions of Section 1, Paragraph A and Section 4, the following constitute covered services:
"* * *

"C. Special nursing services, but only those nursing services which are ordered by a physician and rendered by a licensed practical nurse (L.P.N.) or by a registered professional nurse (R.N.)***."

In February, 1977, while the contract was in full force and effect, plaintiff Eleta A. Heiser, was hospitalized at St. Luke's Hospital in Cleveland, Ohio, and on March 2, 1977 plaintiff Eleta A. Heiser underwent extensive spinal surgery, including a total disc replacement for a large mid-line herniated L-5 disc. At that time she had a lengthy past history of recurrent urinary retention, persistent urinary tract infection, prior neurosurgical and urological manipulation, a history of transient urinary incontinence and a severe lactase deficiency.

Plaintiff's treating physicians determined that private duty nursing services were necessary for the proper care and treatment of plaintiff Eleta A. Heiser.

Plaintiff's treating physicians ordered private duty nursing services for plaintiff Eleta A. Heiser.

The court finds from the evidence that private duty nursing services for plaintiff Eleta A. Heiser were necessary for her proper care and treatment.

From March 2, 1977 to March 8, 1977 and from March 18, 1977 to May 9, 1977, in accordance with the orders of plaintiff's treating physicians, private nursing services were provided to plaintiff Eleta A. Heiser by licensed practical nurses. The reasonable cost of said services was $1,889.20.

On or about February 13, 1978 plaintiff Donald E. Heiser submitted a claim to defendant for the reasonable cost of said private duty nurses and on or about April 12, 1978, defendant denied said claim.

Subsequently on May 24, 1978, plaintiff Donald E. Heiser resubmitted his claim and on or about June 12, 1978, defendant redenied said claim.

Defendant's Exhibit 1 is a true and accurate copy of defendant's Medical Review file relating to plaintiff Eleta A. Heiser for the charges in issue. The Medical Review file consists of all correspondence among the parties and all letters from plaintiffs' treating physicians concerning their opinion that such private duty nursing services were necessary for the proper treatment of plaintiff Eleta A. Heiser. Further, the Medical Review file contains copies of certain medical records of plaintiff Eleta A. Heiser requested by defendant from St. Luke's Hospital.

In the course of defendant's review Dr. William T. Wilder was retained by defendant to review the Medical Review file. Dr. Wilder recommended to defendant's Medical Review Committee that the charges for the private duty nursing services not be paid under the contract in spite of the orders from the treating physicians for private duty nurses and in spite of the letters from the treating physicians that such private duty nurses were necessary for the proper care and treatment of their patient. Defendant's rejections of plaintiffs' claim were based upon said recommendations of Dr. Wilder.

## CONCLUSIONS OF LAW

Defendant had the right to review the medical history of plaintiff Eleta A. Heiser to ascertain whether there was

evidence to support the claim that the private duty nursing services were necessary.

Since plaintiff Eleta A. Heiser's treating physicians determined, and the evidence confirms, that private duty nursing services were necessary for the proper care and treatment of plaintiff Eleta A. Heiser, and since such services were ordered by said treating physicians and rendered by licensed practical nurses, the requirements of the contract for reimbursement by defendant to plaintiffs for nursing services have been fully complied with.

Defendant is required to pay to plaintiffs under the Contract the sum of $1,889.20 plus interest at the rate of 6 percent from June 12, 1978.

*Judgment accordingly.*